**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                         No. CR 15-1285 JB

ELIJAH SHIRLEY;
MAYNARD SHIRLEY and
MICHAEL SHIRLEY

      Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Plaintiff United States of America and Defendant Maynard Shirley's Stipulated Jury Instructions, filed September 26, 2016 (Doc. 111); (ii) the Government's Requested Jury Instructions, filed September 26, 2016 (Doc. 112); and (iii) Defendant Maynard Shirley's Proposed Jury Instructions, filed September 26, 2016 (Doc. 114)(collectively, the "Proposed Jury Instructions").  The Court held a hearing on September 29, 2016.  The primary issue is whether the Court should instruct the jury on voluntary manslaughter as a lesser-included offense of first-degree murder, as charged in Count I of the Indictment, filed April 14, 2015 (Doc. 25)(charging Defendant Maynard Shirley with unlawfully killing Brandon BlueEyes with malice aforethought in violation of 18 U.S.C. §§ 1153, 111, and 18 U.S.C. § 2), and as a lesser-included offense of second-degree murder.  The Court has already amended the Proposed Jury Instructions to reflect that second-degree murder is a lesser-included offense of first-degree murder.  See Court's Second Proposed Jury Instructions (with citations) at 22-25, 43, filed October 18, 2016 (Doc. 152).  For the following reasons, and for the reasons stated on the record at the hearing, the

Court will also instruct the jury that voluntary manslaughter is a lesser-included offense of both first-degree murder and second-degree murder.

The Court has previously concluded that voluntary manslaughter is a lesser-included offense of both first-degree murder and of second-degree murder. In terms of first-degree murder, the Court stated in the procedural background section in <u>United States v. Foghorn</u>, 2006 U.S. Dist. LEXIS 95235 (D.N.M. 2006)(Browning, J.), that "Foghorn was acquitted of first degree murder; the jury was not able, however to return a verdict on the lesser included offenses of second-degree murder or voluntary manslaughter, or on the charge of kidnapping." 2006 U.S. Dist. LEXIS 95235, at *3. More instructive is the Court's opinion in <u>United States v. Ganadonegro</u>, 854 F. Supp. 2d 1088 (D.N.M. 2012)(Browning, J.), respecting second-degree murder. There, the Court stated that "Count 1, charging second-degree murder, and Count 2, charging voluntary manslaughter, are multiplicitous to the extent that cumulative punishment for both would result in a double-jeopardy violation." 854 F. Supp. 2d at 1112. The Court stated that "[t]he Tenth Circuit has recognized that voluntary manslaughter is a lesser included offense of second-degree murder." 854 F. Supp. 2d at 1113 (citing <u>United States v. Serawop</u>, 410 F.3d 656, 660, 662, 664-66 (10th Cir. 2005)).

The United States Court of Appeals for the Tenth Circuit has reached the same conclusions. The Tenth Circuit has stated broadly that "[v]oluntary manslaughter is a lesser included offense of murder. It is the unlawful killing of a human being without malice upon a sudden quarrel or heat of passion." <u>United States v. Scafe</u>, 822 F.2d 929, 932 (10th Cir. 1987)(citing 18 U.S.C. § 1112(a)). The Tenth Circuit elaborated that "[m]anslaughter differs from first degree murder in that there is no element of 'malice aforethought.'" 822 F.2d at 932 (internal quotation marks and citation omitted). Malice, rather, "is negated by the heat of passion." 822 F.2d at 932. Elsewhere, the Tenth Circuit has stated that a "jury's verdict on the lesser included offense of voluntary manslaughter

constitute[s] an implicit acquittal on the charge of second degree murder." United States v. Brown, 287 F.3d 965, 977 n.7 (10th Cir. 2002).

Taking into account these decisions, the Court will amend the Proposed Jury Instructions to reflect that voluntary manslaughter is a lesser-included offense of both first-degree murder and second-degree murder.

**IT IS ORDERED** that the jury will be instructed that voluntary manslaughter is a lesser-included offense of both first-degree murder and second-degree murder.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Damon P. Martinez
  United States Attorney
Linda Mott
Niki Tapia-Brito
Nicholas James Marshall
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Aric G. Elsenheimer
Michael A. Keefe
  Federal Public Defenders
Albuquerque, New Mexico

    *Attorneys for Defendant Elijah Shirley*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

-- and --

- 4 -

Mary (Molly) E. Schmidt-Nowara
Garcia Ives Nowara
Albuquerque, New Mexico

-- and --

Theresa M. Duncan
Albuquerque, New Mexico

    *Attorneys for Defendant Maynard Shirley*

Charles N. Fisher
Law Office of Charles Fisher
Albuquerque, New Mexico

    *Attorney for Defendant Michael Shirley*