#### IN THE UNITED STATES DISTRICT COURT

#### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.  No. CR 15-1285 JB

ELIJAH SHIRLEY;
MAYNARD SHIRLEY and
MICHAEL SHIRLEY

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Maynard Shirley's oral motion for a mistrial, made on the record at the hearing on October 18, 2016. See Draft Transcript of Hearing at 242:3-6 (held October 18, 2016)(Schmidt-Nowara)("Tr.").[1]  At the hearing, Defendant Maynard Shirley argued that Perry BlueEyes'[2] testimony "about [a] crazy brother who had just gotten out of the prison . . . is exactly the type of [] prejudicial evidence that would . . . prevent[] a jury from evaluating the evidence fairly and accurately so that the defendant has been deprived of a fair trial." Tr. at 242:6-12 (Schmidt-Nowara).  The Court agrees with M. Shirley's assessment.  Accordingly, for the following reasons, and for the reasons stated on the record at the hearing, the Court will declare a mistrial in this case.

"A district court has discretion to grant a mistrial only when a defendant's right to a fair trial has been violated."  United States v. Kamahele, 748 F.3d 984, 1017 (10th Cir. 2014)(citing United

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

[2] BlueEyes is one of the victims in this case.

States v. Gabaldon, 91 F.2d 91, 93-94 (10th Cir. 1996)).  The United States Court of Appeals for the Tenth Circuit has stated that "[w]hether a motion for mistrial should be granted is within the discretion of the trial judge because he is in the best position to evaluate the effect of the offending evidence on the jury."  United States v. Laymon, 621 F.2d 1051, 1053 (10th Cir. 1980).  See United States v. Kravchuck, 335 F.3d 1147, 1154 (10th Cir. 2003)(stating that a district court's disposition of a mistrial motion is reviewed for abuse of discretion).  The Federal Rules of Criminal Procedure offer limited guidance with respect to when a mistrial motion should be granted.  See United States v. Meridyth, 364 F.3d 1181, 1183 (10th Cir. 2004).  The Tenth Circuit has provided, however, that "motions for mistrial . . . call for an examination of the prejudicial impact of an error or errors when viewed in the context of an entire case."  United States v. Gabaldon, 91 F.3d at 93-94 (internal quotation marks and citations omitted).  The Tenth Circuit's decision in United States v. Sands, 899 F.2d 912 (10th Cir. 1990), is instructive.  In United States v. Sands, the Tenth Circuit considered whether the district court erred in denying the defendant's motions for mistrial based on multiple witnesses' improper references the defendant's prior incarceration.  See 899 F.2d at 913-14.  The Tenth Circuit concluded that the district court erred in denying the defendant's motions, because it could not say "with reasonable certainty that the reference to prior records 'had but a very slight effect on the verdict of the jury.'"  899 F.2d at 916 (quoting Sumrall v. United States, 360 F.2d 311, 314 (10th Cir.1966)).

  Here, the Court cannot say with reasonable certainty that BlueEyes' impermissible reference to M. Shirley as the "crazy brother who had just gotten out of the prison," Tr. at 242:6-12 (Schmidt-Nowara), "'had but a very slight effect on the verdict of the jury,'" United States v. Sands, 899 F.2d at 916 (quoting Sumrall v. United States, 360 F.2d at 314).  Accordingly, because of the potential

"prejudicial impact," United States v. Gabaldon, 91 F.3d at 93-94 (internal quotation marks and citations omitted), of BlueEyes' statement, the Court will declare a mistrial.

**IT IS ORDERED** that Defendant Maynard Shirley's oral motion for a mistrial, made on the record at the hearing on October 18, 2016, see Draft Transcript of Hearing held on October 18, 2016, at 242:3-6 (Schmidt-Nowara), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Damon P. Martinez
  United States Attorney
Linda Mott
Niki Tapia-Brito
Nicholas James Marshall
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Aric G. Elsenheimer
Michael A. Keefe
  Federal Public Defenders
Albuquerque, New Mexico

    *Attorneys for Defendant Elijah Shirley*

Douglas E. Couleur
Douglas E. Couleur, P.A.
Santa Fe, New Mexico

-- and --

Mary (Molly) E. Schmidt-Nowara
Garcia Ives Nowara
Albuquerque, New Mexico

-- and --

- 4 -

Theresa M. Duncan
Albuquerque, New Mexico

    *Attorneys for Defendant Maynard Shirley*

Charles N. Fisher
Law Office of Charles Fisher
Albuquerque, New Mexico

    *Attorney for Defendant Michael Shirley*